May it please the court. My name is Francis Herbert White III and I'm here on behalf of the plaintiff appellant Cynthia Rollo-Carlson and an appeal from the dispute the federal district for the state of Minnesota Ultimately your honors this question of statutory interpretation as Judge McKinnon noted almost 40 years ago a Regulation in this case a requirement perfectly reasonable in the face of a given problem may be highly capricious if that problem does not exist in This case the problem doesn't exist U.s. Army veteran Jeremiah Flax Carlson was found deceased in his quarters on October 11th 2015 in St. Cloud, Minnesota His cause of death was listed as an opioid overdose Indeed the St. Cloud VA had been treating the deceased for over a year with mental health medications and opioids Jeremiah's next-of-kin his mother Cynthia Rollo-Carlson and his stepfather Sought to get some answers from the St. Cloud VA Medical Center Regarding the untimely and unnecessary death of theirs of their son their search failed Having collided with the brick wall of the VA. Ms. Carlson and her husband retained this on September 5 2017 and within the statutory period of limitations for the FTCA The VA received a signed standard form 95 as well as our letter of representation Signed by Ms. Carlson who noted herself as Jeremiah's next-of-kin. These can be found in Joint Appendix 45 through 48 The VA acknowledged receipt of Ms. Carlson's claim and their letter dated October 19 2017 which can be found at Joint Appendix 48. The VA took no further action Ms. Carlson acquired the necessary status to initiate an action as Jeremiah's trustee on October 2nd 2018 from the Benton County District Court in the state of Minnesota Which can be founded Joint Appendix 34 and filed this instant action on October 3rd 2018 which can be found in Joint Appendix 1 The agency then moved to dismiss the action Oral arguments was referred in the district court on February 4th 2019 the district court granted dated March 18, 2019 this appeal followed To begin with your honors This court's decision in Maeder is a dead letter It's no longer viable And this panel feels that Maeder is indeed as broad as the government offers Especially in light of the new cases handed down by the Supreme Court and Discussed in our opening brief since Maeder Then we've been asked this panel to refer this matter to the full board so it can be full court Excuse me, so it could be heard on by However, Maeder is not as broad as the government reads it to be The presentment requirement is not jurisdictional as the government concedes in its responsive brief Congress must clearly state the threshold limitation on the statute scope shall count as jurisdictional The government further states that this court should read 28 USC 2675 together with 28 1346 and all kinds of the presentment requirement is jurisdictional however 2675 never discusses that presentment requirement It discusses an evidence of excuse me, it discusses evidence of the authority to act as part of the presentment requirement and That statute clearly says that it can only be in writing and for a some certain So what what how are you distinguishing Maeder? How how is it that this panel? could rule in your favor and not go counter to Maeder and Actuality your honor. It doesn't it doesn't have to go counter to Maeder The Maeder doesn't apply to the situation that we're looking at here because Maeder was specifically an Interpretation of Nebraska law which has a requirement that is different than what is required under under Minnesota law so Minnesota law requires That to initiate a claim you only need to be part of a Have a certain standing and that standing is you need to be the next of kin You could be you could be appointed the trustee, but you don't have to be the appointed the trustee Nebraska law doesn't distinguish that the way that Minnesota law does So that doesn't get at the jurisdictional point. How do we distinguish? Maeder on the jurisdictional point. I understand how you do it under state law, but aren't we bound by Maeder on jurisdiction? Only if Maeder has not been assumed and overruled in substantial part by Kaiser Kaiser v. Wilkie, which we referenced in our reply brief But there's no fact there's no facts here or there's nothing different about this case than Maeder in the jurisdictional sense I understand that under state law it might be different, but in the jurisdictional sense there's really nothing different about this case factually Maeder involved a Situation whereby the individual lost their ability to represent so in Ms. Maeder who was the who had been the personal representative for the estate of the deceased Lost that ability when her one-year time period expired Because there was no requirement of jurisdictional requirement that that miss Miss Carlson Acquire any special significance from a state court to initiate the claim. That's where the difference lies To speak to the difference between Excuse me to speak to the difference between Maeder and and What has happened since? Kaiser v. Wilkie stated that there needs to be There's a five-step Doctrine in order for the courts to give deference to agencies regulatory Interpretations now the regulatory interpretation that the agency in this case the US Department of Veterans Affairs is interpreting is 28 CFR 14-2 and supplemented by 14-3 14-2 states The administrative claim when presented must be accompanied by evidence of his or in this case her Authority to present a claim on behalf of the claimant as agent executor administrator Guardian the claim based on death according to 14.3 states a claim may be based on death may be presented by the executor or Administrator of the decedent's estate or by any other person legally entitled to assert such a claim in accordance with applicable state law the state law in this case is Minnesota statute 3.7 3-6 specifically subdivision 6 which allowed Miss Carlson to make the claim on behalf of her Dad on behalf of her son for wrongful death the VA the agency Received those documents. We know they received those documents because their stamp from the Chicago regional office is on both the standard form 95 as well as the representation agreement which identifies her as both the individual bringing the claim provides the some certain and states that she is the mother of the of the deceased and the next of kin Those can be found again at Joint Appendix 45 through 48 So the question here is the government seems to be arguing and this is in their brief pages 13 and 14 But while federal law controls the presentment requirements then elements that are necessary to Present a written claim for some certain pursuant 28 USC 2675 and If state law controls then it is a right free some certain and evidence of authority to act pursuant to minstaff three dot seven three six subdivision six The VA was aware that that the next of kin Wouldn't have been his parents the VA was aware of this because Mr. Carlson, excuse me. Mr. Black is Carlson was receiving disability compensation benefits for a single veteran not for a veteran with any Dependence the agency excuse me the government in its in its brief stated that the next of kin the parents is next of kin or third in line in Contestacy and while that's true The VA knew there was no spouse The VA knew there were no minor dependents. Mr. Flack is his age precluded any adult dependents Accordingly the Mater now needs to be reviewed and Understanding of what is the five-step Kaiser? doctrine From Kaiser v. Wilkie the first step must be is the regulatory provision Genuinely ambiguous and that can be found in Kaiser at 24 15 In this case it isn't the regulation that isn't being interpreted 14.2 and 14.3 is not ambiguous. It's very clear on its face The agency the second step is the agency's regulatory interpretation must be reasonable and That require and and that is a requirement the agency can fail That can be founded to fit to 24 15 and 24 16 It isn't reasonable and it isn't reasonable because they stay up on the third step, which is the agency's regulatory Regulatory interpretation must be the agency's authoritative or official position This cannot be the agency's official position Because mater the position that the agency is taking is only applicable in the seven states that comprise the eighth circuit only in the eighth circuit is the agency as is a Individual who's bringing a claim for wrongful death on behalf of their deceased next-of-kin or anybody We're acquired apparently to acquire the aperture of the state in order to do so The fifth which is applicable here is the agency's regulatory interpretation must reflect fair and considered judgment and again the agency fails because the Take fair and consider Some states within the eighth district it creates a significant significant problem and resulted in results in a Failure for due process and equal protection. I'll reserve the rest of my left rest of my time for rebuttal. Thank you I'd be fine. Mr. White Mr. Fuller Thank you, good afternoon, may it please the court assistant US Attorney David Fuller for the United States As the district court noted the allegations in this sad case are certainly unsettling But the court was also right to conclude that it lacked jurisdiction. I'd like to briefly address why? All parties agree on a couple very important things first a legal matter the FTCA's presentment requirement the need to properly file a claim with the affected agency and Have it decided before bringing suit is mandatory and jurisdictional This is plainly spelled out right in the statute The Supreme Court has made clear for decades that it is jurisdictional and Congress has never changed this long-standing rule Now the second thing Which is factual that all the parties agree on is That the plaintiff here never provided evidence to the VA That she had been in appointed a trustee under Minnesota law Authorized to bring a claim for wrongful death And in fact, no such evidence exists she had not been so appointed Now this court's decision in Mater says that providing such evidence in writing to the agency is part and parcel of the jurisdictional presentment requirement The district court was required to follow Mater and it did not err in doing so Like to talk a little bit about Mater this en banc decision states a clear rule a properly presented claim under section 2675 a Must include evidence of a representative authority to act on behalf of the claims beneficiaries under state law and This is jurisdictional The decision in Mater was based squarely on statutory text And this is very clear from reading section 3 of the Mater opinion The statutory provisions from the FTCA that form the basis for this analysis include The statements that create liability on the part of the government only where the United States if a private person would be liable under state law and That language appears in both sections 1346 the jurisdictional Section as well as a section 2672 relating to the administrative claim Another section of the statutory text that forms the basis for the Mater analysis and decision is the statutes statement or language that liability for wrongful death shall be only to the persons for whose benefit the action was brought and That is from section 2674 of the FTCA statutory language Minnesota State law that we've cited in our brief make very clear that Minnesota is very strict about this appointment requirements and In fact, they say that proceeding without an appointment as trustee amounts to a legal nullity Now Mater was also grounded in the structure and purpose of the presentment requirement And as you're discussing Mater, could you also just address your mr. White's Proposition that that somehow this this case is different than Mater Do you do you find any any room within Mater to have a discussion about this jurisdictional issue? Um No, it strikes me that Mater as I mentioned is it's very broad It's it's it creates a clear rule at least in states like, Minnesota and Nebraska that have this sort of a requirement where Someone simply cannot proceed in a wrongful death action Unless they've been appointed by the court to do so So, I don't I don't see a distinction there are certainly some factual differences, but I would just suggest that those amount to You know differences without a distinction if that answers your question One of the questions that that Has been raised by Ms. Rollo Carlson is that somehow there's a distinction between Presentation of a claim and commencement of an action and if you look at subdivision 3 573.02 it talks about the trustee for commencement of an action And I think that he's drawn some distinction that presentment of the of the claim is somehow different Why is he wrong on that? Well again just returning to Mater, I don't see any difference between the Nebraska law at issue there and the Minnesota law at issue here this ultimately does come down to a federal question of federal jurisdiction and granted Mater For that analysis looks to the state law, but there's no procedural question here of Making an administrative claim at the state level. We're only talking about a federal administrative claim and And Mater is all about a federal administrative claim and it looks to the Nebraska law, which is similar To the Minnesota law and says you have to be appointed for the purpose of pursuing a wrongful death action In order to present this to the agency administratively under the FTCA So I just have not seen the distinction So again that the Mater Decision looked at the structure and purposes of presentment it considered that when Congress set up this scheme the idea of course was that the agency's consideration and The possibility of settlement must be meaningful and real But the Mater decision says that that is impossible if those negotiations turn out to be ultra vires and That's a page 802 Mater says the presentation of such evidence is not a pointless administrative hurdle It is fundamental to the meaningful administrative consideration and settlement process contemplated in sections 2675 a and 2672 And just to be clear Mater did not rest on the regulation the again section 3 of the Mater opinion has has a Discussion of the regulations at the final paragraph of that section and it points out that it's just been as consistent with the regulation but it was based on a statute and That's the reason that the Kaiser decision is and Deference to agency interpretations of regulations is really an apposite here The section 4 of the Mater opinion carefully considered the rule from the Supreme Court Tendon system which also came down in 2011 And that rule has remained the same name as the rule that was applied in the David decision the title 7 case that plaintiff now says Functionally overrules later The rule essentially to determine whether something provision is Jurisdictional as opposed to a mere claim processing rule is that Congress must be clear? Although magic language is not required Or There must be long-standing Undisturbed Supreme Court precedent now here. There was both the Mater decision discussed that the statutory language was clear. The scheme is clear And there had been the McNeil decision since 1993 that was undisturbed And and later Really did not talk about obligations on the agency. It made it clear that this is essentially a like a seating requirement of the plaintiff A Little part I'll reserve Discussion of other issues To any questions that the court may have but I put in closing I would just simply suggest that the situation really was not unfair to the plaintiff She was represented by counsel throughout There were clear and repeated warnings about this requirement both contained in the SF 95 form That was filled out That can be very easily seen at Joint Appendix page 46 and both pages of it were filled out and Requirements are stated a couple of times it was also there was also a warning that appeared in the agency's letter of Joint Appendix 53 And in fact Counsel at one point Seems to have learned of the mater problem Several months before their right to bring suit had expired so when the agency Sent its letter in July of 2018 Denying the claim because at that time a lawsuit had already been filed and this is that Joint Appendix 49 That letter made clear you still have six months to either proceed in court or Come back for reconsideration before the agency now at that time. There was a pending court case, but in fact The plaintiff then withdrew that first lawsuit and this is clear from a Joint Appendix page 98 But nonetheless once they then went and got the necessary authorization from the court To proceed in a wrongful death action instead of going back to the agency, which they still had time to do They immediately went ahead and filed this current lawsuit Which is something that the district court pointed out in terms of the timing. It was basically just one day later So they had the opportunity to go back to the agency it's unclear why they did not Unless there are further questions In summary the United States respectfully requests that the court Affirm the decision below based on the absence of jurisdiction Thank You, mr. Fuller Mr. White you have a few minutes for rebuttal may just under two Thank you, Your Honor To begin with I'd like to say that counsel for a penalty has just conceded that the authority was received Before filing the instant action for initiating an action Ms. Carlson did not need evidence of her status as a trustee Because it's only necessary to bring an action not to file a claim What about the argument that? Settlement of the claim would be ultra various that Without some court approval or court appointment you couldn't actually settle the claim so you Agency is not required to negotiate with somebody who's Who's not appointed to represent the class of people who are beneficiaries under the trust and I understand in this case The beneficiary are the parents right so I mean it's it's in this case They're the same persons and so it's less of a problem But my mind tells me there are cases where someone could be the next friend Next of kin I guess is in North Dakota that was called it the next friend But the next of kin Could have been a person who's required to settle it on behalf of a class of beneficiaries But there's no if you don't go through the appointment process nobody can How to you know the settlement could cut those people out? You can settle with the next of kin under Minnesota law those cases could in theory wait for another day I Don't know I'd like to draw the court's attention to Ramos There's nothing to suggest that the precedent in Mater as broadly as they the government would like to apply is still correct as Ramos suggests Mater runs afoul of due process and equal protection principles And what every Supreme Court has said about them unless every other circuit has misstepped along the way Mater is unsound for these reasons We asked the court to reverse the decision of the district court and remand for further proceedings consistent with this court's opinion. Thank you Thank you to both counsel, and we will take the matter under advisement